PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No.: 5254
KENDELEE L. WORKS, ESQ.
Nevada Bar No.: 9611
EGLET WALL CHRISTIANSEN
400 S. Seventh Street, Box, 1, Suite 400
Las Vegas, Nevada 89101
Telephone: (702) 450-5400
Facsimile: (702) 450-5451
E-Mail: eservice@egletwall.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JESUS VILLA,<br><br>    Plaintiff,<br><br>vs.<br><br>HIGH NOON WEST, LLC; COURTROOM TELEVISION, LLC dba truTV; TURNER BROADCASTING SYSTEMS, INC.; TIME WARNER, INC.; DOES 1 through 20 ROE CORPORATION 1 through 20, inclusive,<br><br>    Defendants. | CASE NO.<br><br><br><br>**COMPLAINT**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW Plaintiff, JESUS VILLA, by and through his attorney, Peter S. Christiansen, Esq. and Kendelee L. Works, Esq., of the law firm EGLET WALL CHRISTIANSEN, and for his Complaint against Defendants, complain and allege as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

2. This Court has personal jurisdiction over Defendants HIGH NOON WEST, LLC, COURTROOM TELEVISION NETWORK, LLC dba truTV, TURNER BROADCASTING SYSTEM, INC. and TIME WARNER, INC. because all such Defendants committed intentional acts, expressly aimed at Plaintiff, who Defendants were aware, at all times relevant hereto, resides and resided in Nevada, with said acts causing harm to Plaintiff, the brunt of which has been suffered and which the Defendants knew was likely to be suffered - in Nevada.

3. Venue is proper in this Judicial District under 28 U.S.C. § 1391 (a) and (c).

### THE PARTIES

4. Plaintiff Jesus Villa is an individual residing at 4450 Sandy River Dr., Unit 93, Las Vegas, Clark County, Nevada.

5. Defendant HIGH NOON WEST, LLC is a foreign limited-liability company, authorized and doing business in the State of California.

6. Defendant COURTROOM TELEVISION NETWORK, LLC dba truTV is a foreign limited-liability company, authorized and doing business in the State of California.

7. Defendant TURNER BROADCASTING SYSTEM, INC. is a foreign corporation, authorized and doing business in the State of California.

8. Defendant TIME WARNER, INC. is a foreign corporation, authorized and doing business in the State of California.

9. The true names and capacities of the defendants named herein as DOES 1 through 20 and ROE CORPORATIONS 1 through 20 are other parties or entities who are not currently known to Plaintiff, but whom Plaintiff believes that such defendants are or may be liable to Plaintiff for the occurrences described in this Complaint and for the resulting damages complained of herein. Therefore Plaintiff sues said defendants, whether individuals,

corporations, or another type of entity by these fictitious names. Plaintiff will seek leave of this court to amend its complaint to include the actual names of said defendants when their identities are determined during the course of this litigation. Plaintiff incorporates by reference herein all paragraphs of this complaint against said unknown defendants.

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

10. That at all times mentioned, Defendants, and each of them, were the owners and/or managers and/or supervisors and/or controllers of a television show commonly known as Guinness World Records.

11. Based in significant part upon Defendants' representations regarding the provision of necessary and specified equipment, Plaintiff agreed to participate in the production of an episode of Guinness World Records Gone Wild.

12. In particular, Plaintiff agreed to attempt to achieve the "Fastest Time to Jump Through 10 Panes of Tempered Glass."

13. With respect to Plaintiff's attempts to set the aforementioned world record, Defendants agreed to provide certain equipment, including, but not limited to, safety equipment and other materials meeting specified standards.

14. In a test run for filming of the subject television show episode, Plaintiff attempted the subject stunt and as a result of said attempt, it was determined that certain equipment and/or gear needed to be modified to ensure Plaintiff's success and safety. As a result, Defendants provided for the necessary modifications, at which point, Plaintiff was successful in his test run attempt.

15. Upon information and belief, at some point between the successful test run and the actual filming of the subject episode, Defendants modified or caused to be modified the subject equipment and gear.

16. Upon information and belief, Defendants knew or should have known that the aforementioned modifications would harm or result in a substantial risk of harm to Plaintiff but

3

Defendants nevertheless acted with conscious disregard for Plaintiff's health and safety by making or causing to be made such modifications.

17. As a result of the failure of the equipment modifications made in the days between the test run and the actual stunt attempt on July 12, 2013, Plaintiff was unsuccessful during his attempt to set the subject record during the filming of the Guinness Records episode and Plaintiff suffered substantial injuries as a result.

18. Subsequent to the subject accident, while Plaintiff was hospitalized with substantial bodily injuries and in an incapacitated state, Defendants approached Plaintiff with documents and instructed him to sign under the pretense that he needed to do so for purposes of his care and/or medical treatment or insurance.

18. At all times mentioned herein, Defendants, and each of them, were agents, servants, partners, and employees of each and every other Defendant, and were acting within the course and scope of their agency, partnership or employment.

19. As a result of Defendants conduct, Plaintiff has been damaged in an amount in an excess of $75,000, the full extent of which will be proven at the time of trial in this matter.

## FIRST CLAIM FOR RELIEF
(Negligence)

20. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

21. On or about July 12, 2013, Plaintiff was participating as a contestant performing a stunt for a world record in the television show Guinness World Records Gone Wild, which is owned and/or produced and/or handled by Defendants, and each of them.

22. Defendants had a duty to Plaintiff to exercise care to prevent and/or at a minimum, not cause harm to Plaintiff with respect to the subject production.

23. Defendants, while in the course and scope of their employment and agency

4

with other Defendants, negligently failed to control, supervise, and maintain the equipment for the stunt Plaintiff was to perform and did not prepare the equipment to be used to the specifications given by Plaintiff, and/or caused such equipment to be prepared contrary to Plaintiff's specifications, which resulted in Plaintiff's injuries.

24. On or about July 12, 2013, Defendants and/or DOE/ROE Defendants, by and through their authorized agents, servants, and employees, acting within the course and scope of their employment, caused a dangerous condition and/or negligently and carelessly controlled and/or set up the stunt equipment, creating a dangerous and hazardous condition to Plaintiff in the performance of the stunt.

25. As a further direct and proximate result of Defendants' conduct, Plaintiff has incurred expenses for medical care and treatment and will incur expenses for medical care and treatment in the future in an amount to be proven at trial.

26. As a further direct and proximate result of Defendants' conduct, Plaintiff sustained past and future loss of earnings and earning capacity in an amount to be proven at trial.

27. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered a loss of past and future household services.

28. As a direct and proximate result of Defendants' conduct, Plaintiff was involved in the subject accident and was seriously injured and caused to suffer great pain of body and mind, all to Plaintiff's general damage in an amount in excess of $75,000.00.

29. Plaintiff has been required to retain the services of a law firm to prosecute this action and is entitled to reasonable costs and attorneys fees for having to bring this claim.

## SECOND CLAIM FOR RELIEF
### (PUNITIVE DAMAGES)

30. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

31. In a reckless and conscious disregard for Plaintiff's health, safety and well-being, Defendants, and each of them, failed to adhere to the specifications given by Plaintiff for the stunt and/or stunt equipment and after failing to set the equipment up properly, failed to warn Plaintiff that an unreasonably dangerous condition existed.

32. As a direct and proximate result of Defendants' conduct, Plaintiff was involved in the subject accident and was seriously injured and caused to suffer great pain of body and mind, all to Plaintiff's general damage in an amount in excess of $75,000.00.

33. As a result of Defendants' reckless and conscious disregard for Plaintiff's health, safety and well-being, Plaintiff is entitled to recover punitive damages, in an amount to be determined at the time of trial in this matter.

34. Plaintiff has been required to retain the services of a law firm to prosecute this action and is entitled to its reasonable costs and attorneys fees for having to bring this claim.

## THIRD CLAIM FOR RELIEF
### (FRAUD)

35. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

36. Intending to induce Plaintiff to perform the subject stunt to the benefit of Defendants, Defendants made specific representations to Plaintiff about the safety, design and set-up of the equipment utilized for the subject stunt and further represented that it would be set-up and designed to Plaintiff's specifications.

37. Upon information and belief, Defendants knew or should have known that such representations were false.

38. Subsequent to the run through and prior to the actual filming of the stunt, Defendants intentionally opted to set-up the necessary equipment in a manner contrary to Plaintiff's specifications and took no steps to inform Plaintiff of such modifications.

38. As a direct and proximate result of Defendants' conduct, Plaintiff was involved in the subject accident and was seriously injured and caused to suffer great pain of body and mind, all to Plaintiff's general damage in an amount in excess of $75,000.00.

39. Upon information and belief, at a time at which Plaintiff was incapacitated in the hospital and unable to consent, Defendants and/or their agents fraudulently represented to Plaintiff that he was required to sign certain documents with respect to his medical care and/or for purposes of insurance.

40. Upon information and belief, Defendants made such representations with the intent of inducing Plaintiff to waive certain rights to bring claims against Defendants and/or to avoid compensating him for his time, expense and injuries.

41. While Defendant has no specific recollection of signing any such documents, upon information and belief, Defendants are in possession of documents purportedly containing Plaintiff's signature, which documents Defendants have used or are attempting to use to avoid compensating Plaintiff.

42. As a result of the aforementioned misrepresentations, Defendant has suffered damages in an amount to be proven at the time of trial in this matter.

43. As a result of Defendants' intentional misrepresentations and reckless and conscious disregard for Plaintiff's health, safety and well-being, Plaintiff is entitled to recover

punitive damages, in an amount to be determined at the time of trial in this matter.

44. Plaintiff has been required to retain the services of a law firm to prosecute this action and is entitled to its reasonable costs and attorneys fees for having to bring this claim.

**WHEREFORE**, Plaintiff prays for relief as follows:

1. General damages in an amount according to proof at trial;

2. Special damages in an amount according to proof at trial;

3. Compensatory damages in an amount according to proof at trial;

4. Medical and incidental expenses incurred and to be incurred;

5. Damages for lost past and future household services;

6. Loss of earnings and earnings capacity in an amount to be proven at trial;

7. Punitive and/or exemplary damages in an amount to be proven at trial;

8. Cost of suit; pre-judgment interest; post-judgment interest; attorney's fees; and

9. For such other and further relief as is just and proper.

### JURY DEMAND

A jury trial is demanded on all issues triable to a jury in this case.

DATED this 8th day of July, 2014.

EGLET WALL CHRISTIANSEN

_____
PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No.: 5254
KENDELEE L. WORKS, ESQ.
Nevada Bar No.: 9611
400 S. Seventh Street, Box, 1, Suite 400
Las Vegas, Nevada 89101
Attorneys for Plaintiff