**PETER S. CHRISTIANSEN, ESQ.**
Nevada Bar No. 5254
pete@christiansenlaw.com
**R. TODD TERRY, ESQ.**
Nevada Bar No. 6519
tterry@christiansenlaw.com
**KENDELEE L. WORKS, ESQ.**
Nevada Bar No. 9611
kworks@christiansenlaw.com
**CHRISTIANSEN LAW OFFICES**
810 South Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Telephone:   (702) 240-7979
Facsimile:   (866) 412-6992
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESUS VILLA,<br><br>               Plaintiff,<br><br>vs.<br><br>HIGH NOON WEST, LLC; COURTROOM TELEVISION NETWORK LLC d/b/a truTV; TURNER BROADCASTING SYSTEM, INC.; TIME WARNER INC.; DOES 1 through 20 ROE CORPORATION 1 through 20, inclusive,<br><br>               Defendants. | CASE NO.:   2:14-cv-01107-RFB-VCF<br><br>**STIPULATION TO AMEND INITIAL DISCOVERY PLAN AND SCHEDULING ORDER; PROPOSED AMENDED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**[Special Scheduling Review Requested]** |

Whereas, the Court has not ruled on the Motion to Dismiss by the Defendants, fully briefed as of October 14, 2014;

Whereas, counsel for the parties are working on written discovery, have completed 2 depositions (one in New York) and are in the process of scheduling the depositions of Brent Gauches, formerly with Defendant High Noon West, LLC, and that of Plaintiff, however scheduling issues will not allow these depositions to be completed until at least June 2015, and there are expected additional depositions to be noticed and taken;

623033.1  1891.36891

Whereas, each of the Defendants intends to file a Motion for Summary Judgment, based in part on their claim that Plaintiff signed multiple pre-accident releases and at least two of the Defendants, Turner Broadcasting System, Inc. and Time Warner, Inc. believe as parent companies of Defendant Courtroom Television Network, LLC dba truTV and this have no liability, and need an operative pleading decided before any MSJ could be filed;

Whereas, counsel for the parties have held off on retention of experts due to the above, that issues may be narrowed in the case, and such expenses may be saved and possibly be a part of resolution discussions;

Thus, pursuant to the Court's Local Rule 26-1(d), Plaintiff JESUS VILLA, by and through his counsel of record, Peter S. Christiansen, Esq., R. Todd Terry, Esq. and Kendelee L. Works, Esq. of the Christiansen Law Offices, and Defendants HIGH NOON WEST, LLC, COURTROOM TELEVISION NETWORK LLC d/b/a truTV, TURNER BROADCASTING SYSTEM, INC., and TIME WARNER INC., by and through their counsel of record, Craig Breitman, Esq. and Eric O. Freeman, Esq. of the law offices of Selman Breitman LLP, submit this stipulated Amended Discovery Plan and Scheduling Order.

## I.
## 26(f)/LR26-1 Conference and Discovery Plan

1. There are no changes to be made in the timing, form, or requirement for disclosures under Rule 26(a). On October 21, 2014 Kendelee L. Works, Esq. for the Plaintiff, Jesus Villa, and Eric O. Freeman, Esq. and Craig Breitman, Esq. for the Defendants, High Noon West, LLC; Courtroom Television Network LLC d/b/a truTV; Turner Broadcasting System, Inc.; and Time Warner Inc. met and conferred as required by Fed. R. Civ P. 26(f) and LR 26-1(d). Plaintiff and Defendant have made their respective FRCP Productions pursuant to this Rule.

2. Discovery will be conducted on liability, damages, contractual claims and defenses, extra-contractual claims and defenses and other topics permissible under Rule 26(A). The parties agree that discovery need not be conducted in phases focused on any particular issues.

3. The parties do not anticipate any potential limitations to be imposed on discovery.

## II.
## Scheduling Order

A. <u>Pre-Discovery Disclosures.</u> The parties have exchanged disclosures in or around November 4, 2014, as required by Fed.R.Civ.P. 26(a).

B. <u>Discovery Plan</u>.  The parties jointly propose to the Court the following discovery plan:

   1. <u>Subject of Discovery</u>.

   Discovery will be needed on the following subjects:

   a. All claims set forth in Plaintiff's Complaint as well as the defenses relevant to the action.

   b. The circumstances of the alleged accident.

   2. <u>Discovery Cut-Off Date(s)</u>.

   Discovery will take 450 days, measured from September 2, 2014, which is the date Defendants filed their Motion to Dismiss, and means all discovery must be completed by **Tuesday, December 2, 2015**.

   The parties agree to request 450 days because of a few extraordinary circumstances. Defendants High Noon West, LLC, Courtroom Television Network LLC d/b/a truTV, Turner Broadcasting System, Inc., and Time Warner Inc. have not answered Plaintiff's Amended Complaint due to a pending Motion to Dismiss Plaintiff's filed on September 2, 2014. Further, Plaintiff's medical records are still being updated. As it stands now, Plaintiff has eight medical providers, which will require extensive evaluation and depositions within the 450 days requested.

   Additionally, the parties plan to take the deposition of multiple witnesses and or agents, some of which may be located outside the State of Nevada and thus, will likely require travel.

   3. <u>Amending the Pleadings and Adding Parties</u>.

   The last date for filing motions to amend the pleading or to add parties shall not be later than 90 days prior to the close of discovery.  In this action, the last date

for filing motions to amend the pleadings or add parties shall be **Wednesday, September 4, 2015.**

4. FRCP 26(a)(2) Disclosures (Experts).

    The last day for disclosure of expert witnesses shall be 60 days before the discovery cut-off date. In this action, the last date for disclosure of experts shall be **Friday, October 5, 2015**.

    The date for the disclosure of rebuttal expert witnesses shall be 30 days after the initial disclosure of experts. In this action, the last date for the rebuttal disclosure of experts shall be **Monday, November 5, 2015**.

5. Dispositive Motions.

    The last date for filing dispositive motions shall not be later than 30 days after the discovery cut-off date. In this action, the last date for filing dispositive motions shall be **Thursday, January 7, 2016**.

6. Pretrial Order.

    The joint pretrial order shall be filed no later than 30 days after the date set for filing dispositive motions. In this action, the joint pretrial order shall be filed on or before **Monday, February 8, 2016**. If dispositive motions are timely filed, the date for filing the Pretrial Order shall be suspended.

7. FRCP 26(a) Disclosures.

    The disclosures required by FRCP 26(a)(3) and any objection thereto shall be included in the pretrial order.

C. Interim Status Report. In compliance with LR 26-3, an interim status report was to be filed on April 3, 2015, and is being filed on April 14, 2015 making the next one due **Friday, July 31, 2015**, and thereafter as the Court may provide, including one which is not later than sixty (60) days before the discovery cut-off.

///

///

///

623033.1  1891.36891

APPROVED AS TO FORM AND CONTENT:

Dated: April 14, 2015                                     Dated: April 14, 2015

SELMAN BREITMAN LLP                          CHRISTIANSEN LAW OFFICES


/s/ Eric O. Freeman, Esq.                                /s/ Kendelee L. Works, Esq.
ERIC O. FREEMAN, ESQ.                            PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 6648                                    Nevada Bar No. 5254
3993 Howard Hughes Parkway,                   KENDELEE L. WORKS, ESQ.
Suite 200                                                         Nevada Bar No. 9611
Las Vegas, Nevada 89169-0961                  810 S. Casino Center Blvd., Suite 104
*Attorney for Defendants*                              Las Vegas, Nevada 89101
                                                                        *Attorneys for Plaintiffs*

**ORDER**

Good Cause appearing therefore, IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: April 15, 2015

5