**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

JESUS VILLA,

Plaintiff,

vs.

HIGH NOON WEST, LLC; *et.al.*,

Defendants.

Case No. 2:14–cv–1107–RFB–VCF

**ORDER**

Before the court are the following motions:

1) Defendants' motion for a FRCP 35 Independent Medical Exam (ECF No. 74) and Villa's response (ECF No. 81)

2) Villa's motion to quash subpoena or for protective order (ECF No. 75) and the Defendants' response (ECF No. 76)

3) Defendants' motion to extend discovery cut-off dates (ECF No. 77)

4) Defendants' motion to dismiss (ECF No. 78), Villa's response (ECF No. 86), and the Defendants' reply (ECF No. 87)

5) Villa's motion to quash (ECF No. 81) and the Defendants' response (ECF No. 84)

6) Defendants' motion to compel the deposition of Martin McClellan (ECF No. 82) and Villa's response (ECF No. 88)

7) Defendants' motion to compel the deposition of Jeff Jay (ECF No. 83) and Villa's response (ECF No. 88)

## I. Background

The court held a hearing on October 7, 2016 at 3:00 p.m. At the hearing, the Defendants argued for phased discovery. They represented that they were prepared to file a motion for summary judgment on the issue of liability as soon as they completed third-party witness depositions. Defendants asked to be allowed to complete the depositions of third party witnesses McClellan, Jay, and Nash. Defendants

previously noticed the depositions of McClellan and Jay, but have been unable to locate Nash. They then would have sufficient discovery to file their motion for summary judgment on the issue of liability. Villa's IME, Villa's deposition, and all other damages discovery would be stayed pending a decision on the motion for summary judgment.

## II. Discussion

1. <u>Defendants' Motion for a FRCP 35 IME is Denied</u>

"The court where the action is pending may order a party whose mental or physical condition … is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." FED. R. CIV. P. 35(a)(1). "The order [for physical or mental examination]: may be made only on motion for good cause and on notice to all parties and the person to be examined." FED. R. CIV. P. 35(a)(2)(A). "The decision whether to order a Rule 35 examination is discretionary even when the 'good cause' and 'in controversy' requirements are met." *Adele v. Dunn*, No. 2:12-cv-597-LDG-PAL, 2012 WL 5944705 at* 2 (D. Nev. Nov. 26, 2012).

"While Defendant is entitled to a Rule 35 examination of the Plaintiff, [the] court retains considerable discretion to establish manner, conditions and scope of the examination." *Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 363 (D. Colo. 2004). "For example, the court is not bound by Defendant's section of a particular examining physician or psychologist." *Id.*

Villa alleges that he "was hospitalized with substantial bodily injuries" and was "in an incapacitated state." (ECF No. 1 at 4) Villa has unquestioningly placed his physical condition in controversy. *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). Villa does not appear to dispute this point. (ECF No. 81 at 114) ("[T]he examination is compulsory").

Ordinarily, this court would grant the Defendant's motion to compel Villa's IME. In light of this court's decision to permit phased discovery, the motion to compel the IME is denied without prejudice

to renew if necessary would summary judgment be denied. The information obtained from the IME would only be relevant to damages. Since Defendants' motion for summary judgment and associated Phase I discovery only pertain to liability, Villa's alleged damages are outside of the scope of discovery. FED. R. CIV. P. 26(b)(1).

2. Villa's Motion to Quash Subpoena or for Protective Order is Denied

The Defendants noticed the depositions of non-party witnesses Martin McClellan and Jeff Jay. (ECF No. 76) McClellan and Jay are members of Villa's stunt team. "[A] party lacks standing under FED. R. CIV. P. 45[(d)(3)(A)] to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc.*, No. 2:04-cv-1199-DAE-GWF, 2007 WL 119148 at* 4 (D. Nev. Jan. 9, 2007). Villa does not assert a personal right or privilege in the content of McClellan's or Jay's deposition testimony. Rather he appears to argue that the manner by which his associates were served was defective. (ECF No. 75 at 3) ("defendants served two Team members no[t] personally, through motion or request to plaintiff." ) These objections do not establish Villa's personal right or privilege in the deposition testimony.

"A party can, however, move for a protective order in regard to a subpoena issued to a non-party if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issues to non-parties which seek irrelevant information." *G.K. Las Vegas Ltd. Partnership*, 2007 WL 119148 at* 4. Villa has not articulated how his own interests would be jeopardized if McClellan or Jay is deposed or that the defendants seek irrelevant information.

/// /// ///

/// /// ///

3. Defendants' Motion to Extend Discovery is Granted

Pursuant to this court's latest scheduling order, discovery will close on September 30, 2016. (ECF No. 69) The dispositive motion deadline is November 14, 2016, and the joint pretrial order is due on December 14, 2016. (*Id.*) Pursuant to the Defendants' arguments at the hearing, there will be a limited modification of the discovery schedule. This court accepts the Defendants' proposal for phased discovery. The following discovery deadlines are only applicable to Phase I or liability discovery:

| | |
|---|---|
| Third-party witness deposition deadline: | October 21, 2016 |
| Dispositive Motion Deadline: | December 5, 2016 |

All other deadlines will be reset if necessary after the summary judgment is decided.

4. Defendants' Motion to Dismiss as a Discovery Sanction is Denied

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). "This motion may be made if a deponent fails to answer a question asked under Rule 30 or 31." FED. R. CIV. P. 37(a)(3)(B)(i).

"The court where the action is pending may, on motion, order sanctions if a party … fails, after being served with proper notice, to appear for the person's deposition." FED. R. CIV. P. 37(d)(1)(A). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(iv)." FED. R. CIV. P. 37(d)(3). Under Rule 37(b)(2)(A)(ii), a court may, as a discovery sanction, strike "pleadings in whole or in part."

"If the noticing party refuses to reschedule a properly noticed deposition, it is incumbent on the party whose deposition is noticed to move for a protective order." *Anoruo v. Shinseki*, No. 2:12-cv-1190-JCM-GWF, 2013 WL 4546795 *at 2 (D.Nev. Aug. 27, 2013). "Absent a protective order or an order staying the deposition, the party to be deposed is required to appear for a properly noticed deposition." *Id.* "The noticed party does not have the option of sitting back, failing to appear, requiring the noticing party to take action, and then crying foul to the court." *Id.*

The Defendants properly noticed Villa deposition for August 31 and September 1. Villa did not contact the Defendants regarding any scheduling conflicts nor did he seek a protective order. (ECF No. 78) Instead he did not appear at either depositions session. Villa's response does not illuminate his reasons for not attending his deposition. It appears to be entirely composed of citations to irrelevant trademark authorities. (ECF No. 86)

This court does not believe that dismissal of Villa's complaint is warranted. When deciding whether to dismiss a complaint as a discovery sanction, a court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).

To date, Villa has failed to appear at one deposition. Although costly and inconvenient, Villa's isolated discovery violation does not warrant dismissal of his complaint. At this juncture, the public policy favoring a decision on the merits outweighs any inconvenience to the Defendants. *See id.* Additionally, in accordance with the Defendants' request for phased discovery, their alternative request for an order compelling Villa to attend his deposition is also denied. Villa's deposition is stayed pending a decision on the Defendants' motion for summary judgment.

5. Villa's Motion to Quash is Denied

In his motion to quash, Villa appears to respond to Defendants' motion for an IME (ECF No. 74) and their motion to dismiss (ECF No. 78). The rest of the motion is devoted to an unrelated trademark dispute as well as allegations that the Defendants damaged Villa's property. This court is unable to ascertain what relief, if any, Villa requested. Villa's motion is denied.

/// /// ///

/// /// ///

6. Defendant's Motions to Compel the Depositions of Martin McClellan and Jeff Jay are Granted

"A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trail and would not incur substantial expense." FED. R. CIV. P. 45(c).

"The court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or and order related to it." FED. R. CIV. P. 45(g).

After the Defendants noticed McClellan's deposition, they had no contact with him. McClellan subsequently did not appear at his deposition. The Defendants also noticed Jay's deposition. After a short exchange in which Jay stated that he would not be attending his deposition, Jay did not attend his deposition. Neither individual has proffered an excuse for their nonattendance. Although it is within this court's power to hold both in contempt for failing to obey the subpoena, it will give them one more chance to comply. FED. R. CIV. P. 45(g). McClellan and Jay are therefore ordered to attend their depositions as set forth in this order.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Defendants' motion for a FRCP 35 Independent Medical Exam (ECF No. 74) is DENIED. Villa's IME is stayed pending a decision on the Defendants' motion for summary judgment.

IT IS FURTHER ORDERED that Villa's motion to quash subpoena or for protective order (ECF No. 75) is DENIED.

IT IS FURTHER ORDERED that Defendants' motion to extend discovery cut-off dates (ECF No. 77) is GRANTED in part and DENIED in part. The following discovery deadlines are only applicable to Phase I or liability discovery:

| | |
|---|---|
| Third-party witness deposition deadline: | October 21, 2016 |
| Dispositive Motion Deadline: | December 5, 2016 |

All other deadlines will be reset if necessary after the summary judgment is decided.

IT IS FURTHER Defendants' motion to dismiss (ECF No. 78) is DENIED. Villa's deposition is stayed pending a decision on the Defendants' motion for summary judgment.

IT IS FURTHER ORDERED that Villa's motion to quash (ECF No. 81) is DENIED.

IT IS FURTHER ORDERED that Defendants' motion to compel the deposition of Martin McClellan (ECF No. 82) is GRANTED in part and DENIED in part. The Defendants' request for an order to show cause why McClellan should not be held in contempt is denied. Their alternative request for an order compelling McClellan's deposition is granted.

IT IS FURTHER ORDERED that Defendants' motion to compel the deposition of Jeff Jay (ECF No. 83) is GRANTED.

IT IS FURTHER ORDERED that on or before October 21, 2016, the parties must complete the depositions of third-party witnesses McClellan, Jay, and Nash. McClellan and Jay may be subject sanctions if they fail to attend or participate in the deposition.

IT IS SO ORDERED.

DATED this 11th day of October, 2016.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE